**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.:

CAROLINA MORENO,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**COMPLAINT
JURY DEMAND**

Plaintiff, Carolina Moreno (hereinafter "Plaintiff") alleges violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq*. (hereinafter the "EFTA") by Defendant, Wells Fargo Bank, N.A. (hereinafter "Defendant") and states the following in support thereof:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1693m(g).

2. Defendant's voluntary contact with Plaintiff made it foreseeable that Defendants would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

3. Venue in this district is proper because Plaintiff resides here; the acts and/or omissions complained of occurred here; and Defendant does business within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff is and was a citizen of the State of Florida, residing in Broward County, Florida.

5. At all times relevant hereto, Plaintiff is and was a "consumer" pursuant to the EFTA because she is and was a natural person. *See* 15 U.S.C. § 1693a(6).

6. At all times relevant hereto, Defendant is and was a national association with a principal address at 420 Montgomery Street, San Francisco, California 94163 and a registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

7. At all times relevant hereto, Defendant is and was a "financial institution" as defined by the EFTA because it is a state or national bank. *See* 15 U.S.C. § 1693a(9).

## FACTUAL ALLEGATIONS

8. At all times relevant hereto, Plaintiff opened and maintained a personal checking account ending in 8784 (hereinafter the "Checking Account") with Defendant.

9. In or around the middle of July of 2020, an unknown third-party illegally accessed Plaintiff's Visa® debit card (hereinafter the "Debit Card"), the personal identification number connected to the Debit Card (hereinafter the "PIN"), and the Checking Account.

10. Subsequent to Plaintiff's aforementioned sensitive financial information being compromised, the unknown third-party made several unauthorized electronic fund transfers (hereinafter the "Unauthorized Transfers") from approximately July 28, 2020 through August 2, 2020, totaling an estimated $5,945.00.

11. On or about August 3, 2020, Plaintiff became aware of the Unauthorized Transfers and brought them to Defendant's attention.

12. Because of the complexity of the fraud, Plaintiff did not know the full extent of the Unauthorized Transfers and had to make several claims with Defendant.

13. On or about October 14, 2020, Defendant sent correspondence to Plaintiff concerning the Unauthorized Transfers; whereby Defendant declined to issue any credits to Plaintiff and closed her claims.

14. Soon after receiving the correspondence denying and closing her claims, Plaintiff escalated the issues with Defendant.

15. On or about August 22, 2019, Defendant sent Plaintiff correspondence again refusing to credit her for the Unauthorized Transfers and closing her claims.

16. At all times relevant hereto, Plaintiff made numerous attempts to have her claims addressed properly by Defendant.

17. Ultimately, Defendant made the determination to deny Plaintiff's claims based on the following: (i) previous history with merchants that appear during the alleged fraud; (ii) multiple online banking logins that took place using the same device ID as used prior to the fraudulent transactions; and (iii) the claims department found that the activity in question involved the use of Plaintiff's PIN and was therefore authorized by Plaintiff or someone that had permission to use the Debit Card.

18. To date, Defendant has not properly addressed Plaintiff's claims in relation to the Unauthorized Transfers, despite being on notice that fraudulent activities had taken place in connection with the Checking Account.

## COUNT I
### (Violations of 15 U.S.C. § 1693f)

19. Plaintiff hereby incorporates and realleges the aforementioned paragraphs, as if fully set out herein.

20. Congress enacted the EFTA with the aim of outlining the rights, responsibilities, and obligations of individuals and financial institutions using electronic funds transfer systems. *See* Electronic Fund Transfers, 74 Fed. Reg. 59,033, 59,033 (Nov. 17, 2009).

21. The EFTA sets forth procedures for financial institutions to follow after a consumer has notified them of an error, which includes "unauthorized electronic fund transfers." *See* 15 U.S.C. § 1693f.

22. At all times relevant hereto, the Checking Account was an "account" under the EFTA, because it was a demand deposit, savings deposit, or other asset account. *See* 15 U.S.C. § 1693a(2).

23. At all times relevant hereto, the Unauthorized Transfers were "electronic fund transfers" under the EFTA, because they consisted of transfers of funds initiated through an electronic terminal so as to instruct a financial institution to debit an account. *See* 15 U.S.C. § 1693a(7).

24. At all times relevant hereto, the Unauthorized Transfers were "unauthorized electronic funds transfers" under the EFTA, because they were electronic funds transfers from a consumer's account initiated by a person other than the consumer without actual authority and from which the consumer received no benefit. *See* 15 U.S.C. § 1693a(12).

25. At all times relevant hereto, Defendant had a duty under 15 U.S.C. § 1693f to follow the error resolution procedures set forth therein.

26. At all times relevant hereto, Plaintiff provided Defendant with notice of the Unauthorized Transfers within sixty (60) days of identification thereof or within a reasonable time under the circumstances pursuant to 15 U.S.C. § 1693f(a).

27. The Unauthorized Transfers mainly consisted of transactions in areas other than Broward County, Florida, and were effectuated by means of the illegal and wrongful conduct of an unknown third-party or third-parties.

28. At all times relevant hereto, Defendant's acts and/or omissions with regard to Plaintiff, the Checking Account, and the Unauthorized Transfers violated numerous provisions of the EFTA.

29. Defendant failed to investigate and report the results of the Unauthorized Transfers to Plaintiff within ten (10) days of Plaintiff notifying Defendant thereof, in violation of 15 U.S.C. § 1693f(a)(3).

30. Defendant failed to promptly correct the errors associated with the Unauthorized Transfers in violation of 15 U.S.C. § 1693f(b).

31. Defendant failed to provisionally recredit the Checking Account for the amount alleged to be error by Plaintiff in violation of 15 U.S.C. § 1693f(c).

32. Defendant failed to properly communicate to Plaintiff that an error did not occur with regard to the Unauthorized Transfers in violation of 15 U.S.C. § 1693f(d).

33. Defendant failed to comply 15 U.S.C. 1693g(a), by holding Plaintiff liable for the Unauthorized Transfers in an amount greater than the lesser of $50 or the amount of money obtained in the Unauthorized Transfers.

34. Defendant is liable to Plaintiff for the actual damages sustained and statutory damages in an amount not less than $100 nor greater than $1,000 for each and every violation of the EFTA. *See* 15 U.S.C. § 1693m(a).

35. Defendant is also liable to Plaintiff for treble damages under 15 U.S.C. § 1693f(e) because Defendant: (i) did not provisionally recredit the Checking Account at any time; (ii) did

not undertake a good faith investigation of the Unauthorized Transfers; (iii) does not have a good faith basis for believing the Checking Account was not in error; and/or (iv) knowingly and willfully concluding that the Checking Account was not in error when such conclusion could not have been reasonably drawn from the evidence available to Defendant.

36. As a direct result of Defendant's actions and/or omissions, Plaintiff has suffered damages, including but not limited to, the loss of monies in the Checking Account that were rightfully hers, the loss of time spent addressing the issues related to the Unauthorized Transfers, the loss of interest on monies in the Checking Account, and the loss of the statutory right to a timely investigation of the Unauthorized Transfers.

37. Plaintiff is entitled to recover litigation costs, expenses, and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, treble damages, nominal damages, attorney's fees, litigation expenses, costs of the instant suit, and such further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ *Christopher Legg*
Christopher W. Legg, Esq.
Fla. Bar No. 44460
CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, Florida 33432
Chris@theconsumerlawyers.com
Office: 954-962-2333